UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.

LINDA CAVITT,

    Plaintiff,

vs.

CARNIVAL CORPORATION,
a Panamanian Corporation d/b/a
CARNIVAL CRUISE LINES,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, LINDA CAVITT, a Kentucky citizen and resident, sues Defendant, CARNIVAL CORPORATION, a Panamanian Corporation with its principal place of business in Miami-Dade County, Florida, doing business as CARNIVAL CRUISE LINES, (CARNIVAL) and alleges:

### JURISDICTION, VENUE AND PARTIES

1. This is an action for damages in excess of Seventy-Five Thousand ($75,000.00) Dollars, exclusive of interest and costs.

2. Plaintiff, LINDA CAVITT, is sui juris and at all material times has been a citizen and resident of the state of Kentucky.

3. Defendant, CARNIVAL CORPORATION, is a Panamanian corporation with its principal place of business in Miami, Dade County, Florida. At all material times Defendant, CARNIVAL CORPORATION, has done business under the fictitious name "CARNIVAL

Cavitt vs. Carnival

CRUISE LINES." For federal jurisdictional purposes, CARNIVAL is both a citizen of Panama and a citizen of Florida.

4. Subject matter jurisdiction exists based on diversity of citizenship pursuant to 28 U.S.C. §1332(a) (2). As alleged above there is complete diversity in citizenship of the parties because Plaintiff, LINDA CAVITT, is and all material times has been a citizen and resident of the state of Kentucky, while Defendant CARNIVAL is a citizen both of Panama and of Florida for jurisdictional purposes. The amount of damages claimed exceeds the minimum jurisdictional amount required for diversity of citizenship cases. The damages alleged in Paragraph 14 below support an award of damages in excess of $75,000.00.

5. At all material times, CARNIVAL has conducted ongoing substantial and not isolated business activities in Miami-Dade County, Florida, in the Southern District of Florida, through having its principal place of business there, so that in personam jurisdiction exists in the United States District Court for the Southern District of Florida.

6. At all material times, CARNIVAL has engaged in business in this district, so venue is proper in this Court.

7. At all material times, the Defendant has engaged in the business of operating maritime cruise vessels for paying passengers, including the Plaintiff.

8. In the operative ticket contract, the Defendant requires fare paying passengers such as the Plaintiff to bring any lawsuit against the Defendant arising out of injuries or events occurring on the cruise voyage in this federal judicial district. Accordingly, venue is proper in this Court.

9. Venue is also proper in this district because the Defendant's principal places of business are located within this district.

Cavitt vs. Carnival

10. Plaintiff has complied with all conditions precedent to bringing this action. The Plaintiff reported the accident to the ship's medical crew shortly after it occurred, and an incident report and written medical records were prepared onboard the ship. Furthermore, the Plaintiff gave the Defendant a timely written notice of claim as required by the ticket contract on April 16, 2019, see attached Exhibit 1 and CARNIVAL acknowledged receipt of this written notice of claim on July 25, 2019.

## LIABILITY AND DAMAGE ALLEGATIONS APPLICABLE TO ALL COUNTS

11. At all material times, the Defendant was engaged in the business of operating maritime cruise vessels for fare paying passengers and for this purpose operated, among other vessels, the CARNIVAL M/S "FASCINATION."

12. At all material times, including the accident date of March 10, 2019, the Plaintiff was a fare paying passenger aboard the CARNIVAL M/S "FASCINATION" and in that capacity was lawfully present aboard the vessel.

13. On or about March 10, 2019 as the Plaintiff was descending the ship's gangway to disembark the ship in Puerto Rico when she slipped and fell on a wet and slippery section of the gangway.

14. As a direct and proximate result of the fall described above, the Plaintiff was injured in and about her body and extremities, sustained a severe fracture to her right lower extremity (a trimalleolar fracture) requiring surgery and the insertion of hardware, along with other injuries, and she suffered pain there from, sustained mental anguish, sustained disfigurement, disability and the inability to lead a normal life, as well as the aggravation or activation of pre-existing medical conditions. Furthermore, she incurred medical, hospital, and other out of pocket and health care expenses as a result of her injuries. These damages are

permanent or continuing in their nature and the Plaintiff will continue to sustain and incur these damages in the future.

### COUNT I – NEGLIGENT INSPECTION AND MAINTENANCE OF GANGWAY

15. The Plaintiff adopts, re-alleges, and incorporates by reference the allegations of paragraphs 1-14 above.

16. At all material times, the Defendant owed the Plaintiff, as a fare-paying passenger lawfully on board a passenger vessel it operated, a duty of reasonable care, including the duty to take reasonable steps to maintain the gangway where Plaintiff fell in a reasonably safe condition, including maintaining the gangway surface in an even, safely leveled, dry and non-slippery condition, in order to ensure safe embarkation and disembarkation for passengers including the Plaintiff.

17. At all material times the gangway surface where the Plaintiff fell was in a high traffic area specifically designated for ingress and egress of cruise ship passengers and was in a condition dangerous to passengers entering and leaving the ship, including the Plaintiff, due to its being uneven, unleveled, wet and slippery.

18. At all material times, the Defendant owed a duty to maintain the gangway in a safe condition in order to prevent the surface from being uneven, unleveled, wet and slippery including a duty regularly to inspect the gangway for misleveled, uneven, wet and slippery conditions and timely to correct those conditions once detected.

19. At all material times the Defendant knew or should in the exercise of reasonable care have known of the need to maintain the gangway in a safely even, leveled, dry and not slippery condition and knew or in the exercise of reasonable care should have known of the trip

and fall risks to passengers boarding the vessel, such as the Plaintiff, created by misleveling, unevenness, wetness and slippery condition of the gangway surface. The Defendant's actual or constructive knowledge was derived from prior slip and fall instances on uneven, misleveled gangways, weather conditions prior to or during embarkation and disembarkation and industry standards regarding gangways, or other sources of knowledge.

20. At all material times, the Defendant either knew of or should have known of the dangerous misleveled, uneven, wet and slippery conditions of the gangway where the Plaintiff fell, or in the exercise of reasonable care should have known of its dangerous condition, because it was in a high traffic area designated for cruise ship passengers used for safe ingress and egress to the ship and due to the length of time the dangerous condition had existed, its recurring nature, it's knowledge of the weather conditions prior and during embarkation and disembarkation and Defendant accordingly owed a duty to Plaintiff timely to exercise reasonable care to exercise proper maintenance and thereby to correct the dangerous condition.

21. Notwithstanding Defendant's actual or constructive knowledge of the dangerous condition of the gangway where Plaintiff fell, the Defendant failed before the time of the Plaintiff's injury to take reasonable measures to maintain the gangway in a reasonably safe condition and thereby to correct the dangerous misleveled, uneven, wet and slippery condition of the gangway. The Defendant thereby failed to exercise reasonable care for the safety of its passengers including the Plaintiff and was thereby negligent.

22. As a direct and proximate result of the Defendant's negligence as described above the Plaintiff has sustained and will continue in the future to sustain the damages alleged in Paragraph 13 above.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant for compensatory

damages and the costs of this action.

## COUNT II – NEGLIGENT FAILURE TO WARN

23. The Plaintiff adopts, re-alleges, and incorporates by reference the allegations of paragraphs 1-14 above.

24. At all material times, the Defendant owed the Plaintiff, as a fare-paying passenger lawfully on board a passenger vessel it operated, a duty of reasonable care, including the duty to take reasonable steps to warn passengers including the Plaintiff adequately of any slip and fall risks created by the condition of the gangway, including unevenness, misleveling, wetness and slipperiness of the gangway, in order to ensure safe embarkation and disembarkation for passengers including the Plaintiff.

25. At all material times the gangway surface where the Plaintiff fell was in a high traffic area specifically designated for ingress and egress of cruise ship passengers and was in a condition dangerous to passengers entering and leaving the ship, including the Plaintiff, due to its being uneven, unleveled, wet and slippery.

26. At all material times the Defendant knew or should in the exercise of reasonable care have known of the slip and fall risks to passengers boarding the vessel, such as the Plaintiff, created by misleveling, unevenness, wetness and slipperiness of the gangway surface. The Defendant's actual or constructive knowledge was derived from prior slip and fall instances on uneven or misleveled gangways, its knowledge of the weather conditions prior and during embarkation and disembarkation, industry standards regarding gangways, or other sources of knowledge.

27. At all material times, the Defendant either knew of or should have known of the dangerous misleveled, uneven, wet and slippery condition of the gangway where the Plaintiff fell, or in the exercise of reasonable care should have known of its dangerous condition, because it was in a high traffic area designated for cruise ship passengers used for safe ingress and egress to the ship and due to the length of time the dangerous condition had existed, its recurring nature, it's knowledge of the weather conditions prior and during embarkation and disembarkation, and Defendant accordingly owed a duty to Plaintiff timely and adequately to warn the Plaintiff of the slip and fall risks created by the misleveled, uneven, wet and slippery gangway surface.

28. Notwithstanding Defendant's actual or constructive knowledge of the dangerous condition of the gangway where Plaintiff fell, the Defendant failed before the time of the Plaintiff's injury to take reasonable measures adequately to warn the Plaintiff of the dangerous misleveled, uneven, wet and slippery condition of the gangway through adequate signage, oral warnings, or otherwise and was thereby negligent.

29. As a direct and proximate result of the Defendant's negligence as described above the Plaintiff has sustained and will continue in the future to sustain the damages alleged in Paragraph 13 above.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant for compensatory damages and the costs of this action.

### COUNT III – OPERATIONAL NEGLIGENCE

30. The Plaintiff adopts, re-alleges, and incorporates by reference the allegations of paragraphs 1-14 above.

Cavitt vs. Carnival

31. At all material times, the Defendant owed the Plaintiff, as a fare-paying passenger lawfully on board a passenger vessel it operated, a duty of reasonable care, including the duty to take reasonable steps to offer necessary assistance to passengers boarding Defendant's vessel through gangways, in order to ensure safe embarkation and disembarkation for passengers including the Plaintiff.

32. At all material times the gangway surface where the Plaintiff fell was in a high traffic area specifically designated for ingress and egress of cruise ship passengers and was in a condition dangerous to passengers entering and leaving the ship, including the Plaintiff, due to its being uneven, unleveled, wet and slippery condition.

33. At all material times the Defendant knew or should in the exercise of reasonable care have known of the need to offer assistance to passengers boarding its vessel through the gangway or to halt the embarkation and disembarkation process until the dangerous conditions were corrected and knew or should have known of the slip and fall risks to passengers entering and exiting the vessel, such as the Plaintiff, created by misleveling, unevenness, wetness and slipperiness of the gangway surface. The Defendant's actual or constructive knowledge was derived from prior slip and fall instances on uneven, misleveled, wet and slippery gangways, its knowledge of the weather conditions prior and during embarkation and disembarkation, industry standards regarding gangways, or other sources of knowledge.

34. At all material times, the Defendant either knew of or should have known of the dangerous misleveled, uneven, wet and slippery condition of the gangway where the Plaintiff fell, or in the exercise of reasonable care should have known of its dangerous condition, because it was in a high traffic area designated for cruise ship passengers used for safe ingress and egress to the ship and due to the length of time the dangerous condition had existed, its recurring nature,

Cavitt vs. Carnival

it's knowledge of the weather conditions prior and during embarkation and disembarkation, and Defendant accordingly owed a duty to Plaintiff timely to offer assistance to the Plaintiff in boarding the vessel or halt the processes of entering and exiting the vessel in order to compensate for or correct the dangerous condition of the gangway.

35. Notwithstanding Defendant's actual or constructive knowledge of the dangerous condition of the gangway where Plaintiff fell, the Defendant failed before the time of the Plaintiff's injury to take reasonable measures to offer assistance to the Plaintiff in boarding the vessel or halt the process in order to ameliorate the slip and fall hazard created by the uneven, misleveled, wet and slippery condition of the gangway. The Defendant thereby failed to exercise reasonable care for the safety of its passengers including the Plaintiff and was thereby negligent.

36. As a direct and proximate result of the Defendant's negligence as described above the Plaintiff has sustained and will continue in the future to sustain the damages alleged in Paragraph 14 above.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant for compensatory damages and the costs of this action.

## DEMAND FOR JURY TRIAL

The Plaintiff hereby demands trial by jury of all issues so triable as of right.

Cavitt vs. Carnival

Executed this 1st day of June 2020.

                                      *s/NICHOLAS I. GERSON*
                                      NICHOLAS I. GERSON
                                      Bar Number No. 0020899
                                      ngerson@gslawusa.com
                                      tcruz@gslawusa.com
                                      Filing@gslawusa.com
                                      GERSON & SCHWARTZ, P.A.
                                      1980 Coral Way
                                      Miami, Florida 33145
                                      Telephone:   (305) 371-6000
                                      Facsimile:    (305) 371-5749
                                      Attorneys for Plaintiff