UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division
**Case Number: 20-22259-CIV-MORENO**

LINDA CAVITT,

       Plaintiff,

vs.

CARNIVAL CORPORATION,

       Defendant.

_____/

## **ORDER DENYING MOTION TO DISMISS**

Plaintiff, Linda Cavitt, brings this negligence case against Defendant Carnival Corporation stemming from a slip and fall on the gangway of the M/S Fascination. This Court issued a prior order granting a motion to dismiss finding Plaintiff's complaint lacked sufficient allegations as to notice. Plaintiff filed an Amended Complaint and Defendant filed a second motion to dismiss arguing the Amended Complaint establishes the condition was open and obvious and fails to allege Carnival was on notice. The Court finds that whether the condition was open and obvious requires a factual inquiry, which is best decided after a record is developed. The Court also finds the allegations regarding the nine prior incidents on the Fascination's gangway, including one before Plaintiff's are sufficient to allege notice. The Court will revisit the issue at summary judgment to determine if the evidence sufficiently establishes the condition was open and obvious, and to determine if the prior incidents are sufficiently similar such that a reasonable jury can determine Carnival was on notice. Accordingly, the Defendant's motion to dismiss is denied.

THIS CAUSE came before the Court upon Defendant's Motion to Dismiss **(D.E. 14)**, filed on **March 12, 2021**.

THE COURT has considered the motion, the response, the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motion is DENIED and Defendant is ordered to answer the First Amended Complaint by no later than **May 27, 2021**.

## I.  Background

Plaintiff, Linda Cavitt, was a passenger onboard Defendant's cruise ship, the Carnival M/S "Fascination." She alleges that on March 10, 2019, she was descending the ship's gangway to disembark in Puerto Rico when she slipped and fell on a wet and slippery section of the gangway. She alleges she sustained a bone fracture requiring surgery and insertion of hardware.

Count 1 asserts a claim for negligent inspection and maintenance of the gangway. Plaintiff asserts the Defendant owed a duty of reasonable care and the duty to take reasonable steps to maintain the gangway surface in an even, safely leveled, dry and non-slippery condition. The complaint adds that the gangway surface where the Plaintiff fell was in a high traffic area specifically designated for ingress and egress of cruise ship passengers. She alleges the gangway was dangerously uneven, unleveled, wet, and slippery. The complaint alleges the Defendant knew or should have known of the dangerous condition and failed to take reasonable measures to maintain the gangway in a reasonably safe condition.

Count 2 asserts a claim for negligent failure to warn. Plaintiff asserts the Defendant owed a duty of reasonable care, including the duty to take reasonable steps to warn passengers including the Plaintiff of any slip and fall risks created by the condition of the gangway. The complaint alleges that Defendant had actual or constructive knowledge of the danger. Notwithstanding this knowledge, the Defendant failed to warn Plaintiff of the dangerous condition, which resulted in Plaintiff's fall and her damages.

Count 3 is a claim for operational negligence. In this count, the Plaintiff claims the Defendant owed the Plaintiff a duty of reasonable care to offer necessary assistance to passengers boarding Defendant's vessel through gangways. Again, Plaintiff asserts the Defendant had actual or constructive notice of the dangerous condition and owed Plaintiff a duty to offer assistance in boarding the vessel or to halt the process of entering and exiting the vessel to account for or correct the condition. Because the Defendant failed to meet its duty of reasonable care, Plaintiff alleges she fell and sustained injuries.

The Court previously granted the Defendant's motion to dismiss finding the allegations of notice, actual or constructive, were insufficient. The Amended Complaint addresses the deficiency in the prior version of the complaint by listing the sources of Carnival's actual or constructive notice as nine prior slip and fall or trip and fall incidents on the Fascination's gangway from December 2016 to March 2019. Plaintiff alleges that on the same day she fell, a passenger slipped and fell on the very gangway before her fall. She states Carnival employees knew of the dangerous condition because they tried to ameliorate it by placing carpeting on the gangway. Carnival also played videos in passenger staterooms addressing passenger safety when traversing gangways, which Plaintiff alleges is circumstantial evidence showing Carnival's knowledge of the hazard.

Defendant moves to dismiss the First Amended Complaint by arguing the Complaint establishes the condition was open and obvious and that notice is insufficiently alleged.

II.     Legal Standard

"To survive a motion to dismiss, plaintiffs must do more than merely state legal conclusions," instead plaintiffs must "allege some specific factual basis for those conclusions or face dismissal of their claims." *Jackson v. BellSouth Telecomm.*, 372 F.3d 1250, 1263 (11th Cir. 2004). When ruling on a motion to dismiss, a court must view the complaint in the light most

favorable to the plaintiff and accept the plaintiff's well-pleaded facts as true. *See St. Joseph's Hosp., Inc. v. Hosp. Corp. of Am.*, 795 F.2d 948, 953 (11th Cir. 1986). This tenet, however, does not apply to legal conclusions. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Moreover, "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 1950. Those "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). In short, the complaint must not merely allege a misconduct, but must demonstrate that the pleader is entitled to relief. *See Iqbal*, 129 S. Ct. at 1950.

### III.     Legal Analysis

"Under maritime law, the duty of care owed by a cruise operator to its passengers is ordinary reasonable care under the circumstances, 'which requires, as a prerequisite to imposing liability, that the carrier have actual or constructive notice of the risk-creating condition.'" *Harding v. NCL (Bahamas) Ltd.*, 90 F. Supp. 3d 1305, 1307 (S.D. Fla. 2015). In cases where the condition is open and obvious or the cruise ship did not have notice of the danger, a ship has no duty to warn a passenger of a danger. *Malley v. Royal Caribbean Cruises, Ltd.*, 713 F. App'x 905, 907 (11th Cir. 2017). Defendant argues that the Complaint establishes that it had no duty to warn Plaintiff of an open and obvious condition, because the Plaintiff acknowledges that it was raining on the day of the incident. The question of whether a danger is open and obvious relies on a factual inquiry, which is inappropriate at the motion to dismiss stage of litigation. *Wiegand v. Royal Caribbean Cruises, Ltd.*, No. 19-25100-DLG, 2020 WL 4187816, *2 (S.D. Fla. March 16, 2020) ("Courts in this district have long held that the question of whether a danger is open and obvious relies on a heavily factual inquiry, which is inappropriate at the Motion to Dismiss stage of litigation."). Having found the issue of whether the condition was open and obvious is

best-settled on a factual record, the Court next examines whether Plaintiff sufficiently alleges notice or constructive notice.

Actual notice exists when "the defendant knows of the risk creating condition." *Bujarski v. NCL (Bahamas) Ltd.*, 209 F. Supp. 3d 1248, 1250 (S.D. Fla. 2016) (citing *Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1322 (11th Cir. 1989)). Constructive notice arises when "a dangerous condition has existed for such a period of time that the shipowner must have known the condition was present and thus would have been invited to correct it." *Id.* at 1250-51.

This Amended Complaint asserts that Defendant knew or should have known of the dangerous condition based on nine prior falls on the gangway and one that happened on the same day before Plaintiff's fall. Plaintiff also alleges the employees knew of the dangerous condition because they tried to remedy it by putting carpeting to cover the slippery floor. Defendant cites to *Sorrels v. NCL (Bahamas), Ltd.*, 796 F.3d 1275 (11th Cir. 2015), where the Eleventh Circuit found prior incidents were not sufficiently similar to establish notice. *Sorrels*, however, was decided on a motion for summary judgment, as was *LeRoux v. NCL (Bahamas), Ltd.*, No. 15-23095, 2017 WL 10410815, *5 (S.D. Fla. July 31, 2017).[1] Like those cases, the Court finds it appropriate to evaluate the evidence of prior incidents at summary judgment on a complete record to determine whether a reasonable jury could find Defendant had actual or constructive notice. Accordingly, the motion to dismiss is denied.

DONE AND ORDERED in Chambers at Miami, Florida, this 19th of May 2021.

*[signature: Federico A. Moreno]*

FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

---

[1] Indeed, many of the cases cited in Defendant's motion were decided on motions for summary judgment and not motions to dismiss. *See e.g.*, *Smolnikar v. Royal Caribbean Cruises, Ltd.*, 787 F. Supp. 2d 1308, 1315 (S.D. Fla. 2009); *Weiner v. Carnival Cruise Lines*, No. 11-22516, 2012 WL 5199604 (S.D. Fla. Oct. 22, 2012).

Copies furnished to:

Counsel of Record